

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/08

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PETER G. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

July 18, 2008

<u>Via Hand Delivery</u>
Honorable Miriam Goldman Cedarbaum
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

<span>5661</span> <span>see p. 2</span>

Re: <u>Cynthia Byrd et al. v. City of New York et al.</u>, 08 Civ. (MGC)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiffs' complaint alleges false arrest stemming from plaintiffs' arrests on July 13, 2007. Consequently, I write to respectfully request a sixty-day enlargement of time, until September 19, 2008, for defendant City to respond to the complaint.[1] Based upon the date of service on the City, its response is presently due on or about July 21, 2008. Plaintiffs' counsel does not consent to this request but rather consents to a forty-five day enlargement of time for defendant City to respond to the complaint. According to plaintiffs' counsel, an initial conference has been scheduled by the Court on September 23 at 2:30 p.m., and plaintiffs' counsel seeks defendant City's response to the Complaint with more time prior to the conference. Plaintiff's counsel advised that he does not want the initial court conference adjourned due to the many Jewish holidays that fall after the conference. I note that no previous request for an extension has been made in this action.

There are several reasons for granting an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure,

---

[1] According to the docket sheet, the individual named in the summons as P.O. Emhardt has not been served with process. A decision concerning this Office's representation of Officer Emhardt has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, if Officer Emhardt is served prior to September 4, 2008, we hope that the court will, *sua sponte*, extend his time to answer until September 4, 2008.

we need time to investigate the allegations of the complaint. In this case, plaintiffs allege that they were falsely arrested. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiffs for execution consent and authorizations for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed releases are necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiffs' underlying arrest and prosecution. In addition, to the extent that plaintiffs claim physical and/or medical damages, this office is in the process of forwarding to plaintiffs for execution consent and authorizations for the release of any records of medical treatment.

Further, assuming plaintiffs are able to effect timely service on individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant a forty-five day enlargement of time for defendants to respond to the complaint, until September 4, 2008. In accordance with Your Honor's Individual Practices, annexed hereto is a proposed Order For an Enlargement of Time For Defendant City of New York To Answer or Otherwise Respond to the Complaint for the Court's endorsement.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Via Facsimile (718) 993-1542
       Arlen S. Yalkut
       865-B Walton Avenue
       Bronx, NY 10451

Request granted.
So ordered.
July 25, 2008

United States District Judge